### BUSH CO. v. CENTRAL R. CO. OF NEW JERSEY.

### CENTRAL R. CO. OF NEW JERSEY v. BUSH CO.

(Circuit Court of Appeals, Second Circuit. November 7, 1906.)

Nos. 42, 43.

WHARVES—SINKING OF CAR FLOAT AT FLOAT BRIDGE—UNSEAWORTHY CONDITION.
    Findings of the trial court affirmed that the sinking of libelant's car float at the float bridge of respondent railroad company, while it was unloading cars therefrom, was due to her unseaworthy condition caused by her having two feet of water in her hold, and that respondent was not negligent either in the manner of discharging her, or in failing to inspect her and measure the water in her hold, it appearing that it was her

master's duty to notify it of her condition, and that no such notice was given, and her condition was not apparent without inspection.

Appeal from District Court of the United States for the Southern District of New York.

These causes come here upon appeals from final decrees on cross libels, dismissing the libel of the Bush Company in the first action, and awarding damages and costs to the libelant, the Central Railroad Company, in the second action. The opinion of the court below is printed in 130 Fed. 222.

Albert A. Wray, for Bush Company.

George Holmes, for Central Railroad of New Jersey.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

PER CURIAM. The issues herein raised by questions of fact were presented by testimony in open court, and were disposed of in favor of the railroad company.

The findings and decisions are chiefly challenged on the ground that the railroad was negligent:

"(1) In failing to inspect the vessel and measure the water in her hold before she was toggled fast to the bridge.

"(2) In toggling the boat to the railroad bridge with the bow nearly two feet above its normal position in the water, and attempting to unload her while in this position."

And that the evidence was insufficient to establish that the float was unseaworthy.

The libel alleged, and the trial of libelant's case against the railroad company proceeded upon, the theory that the negligence complained of consisted in the fact that:

"While the respondent's said locomotive and drill car were employed to haul said cars from off said car float, they were so negligently, carelessly, unskillfully. and improperly handled, that the said drill car was brought violently into collision with the forward car upon said float, and the force of said blow drove said three cars to the extreme outboard end of said car float, where they remained for upward of half an hour, greatly straining said car float by the uneven and improper balancing of the weight of her load. That said automatic brakes were out of order, and were negligently suffered to remain so, and did not work, and the brakes upon said locomotive and the locomotive itself were not employed to lessen the force of the blow when the cars collided as aforesaid, and to stop said drill car before said collision took place."

This theory was disproved by the great preponderance of testimony, and the claims of negligence now advanced were introduced by amendment at the close of the hearing.

The finding of the court that the railroad was not negligent in failing to inspect the vessel and measure the water in the hold is supported by the admission of the man in charge of the car float, Independent Stores No. 3, that the yardmaster asked him if he had any water in the float, and how much he had, and by the failure of the Bush Company to introduce any evidence to show that it gave any notice or information as to the presence of water in her hold. The utmost that can be claimed in favor of the Bush Company as to evidence

on this point is that if an outside boat comes to the float and anything is wrong, it is the duty of her captain to give notice thereof, but that if the condition of an outside boat is such as to challenge the attention of the float master, or if he is notified by her captain that anything is wrong, he would not let the boat in, and that otherwise he would. But the evidence fails to show that any such condition was apparent in this float, and, as already shown, proves that no actual notice was given. The claim of negligence in toggling the bow of the boat above her normal position was asserted solely on the strength of a statement by one witness for the railroad company. But it appeared that this statement was made under a misunderstanding of a question, and it was seasonably corrected by the witness in his subsequent testimony. The evidence abundantly supports the finding of the court below that the proximate cause of the loss was the unseaworthiness of the float.

The decree upon the libel of the Central Railroad Company is affirmed, with interest and costs. The decree dismissing the libel of the Bush Company is affirmed, with costs.